---
Greer & McGowan *v.* Chickasaw Land Co.

---

GREER & McGOWAN *v.* CHICKASAW LAND Co.

*(Jackson.    May 4, 1901.)*

1. CERTIORARI.  *Application for, when made.*

   Application for certiorari, as a substitute for an appeal, to re-
   view a Justice's judgment must be made at or before the first
   regular term of the Circuit Court held in the county after
   rendition of the justice's judgment or sufficient cause averred
   for the delay.

   Cases cited: Trigg *v.* Bóyce, 4 Hay., 100; Perkins *v.* Hadley, 4
   Hay., 143; Love *v.* Hall, 3 Yer., 408; Tipton *v.* Anderson, 8 Yer.,
   222; Newman *v.* Rogers, 9 Hum., 121; Johnson *v.* Deberry, 10
   Hum., 440; McMurry *v.* Milan, 2 Swan., 177; Brinkley *v.*
   Burney, 5 Cold., 103; Mason *v.* Hammons, 7 Cold., 133; Lanier *v.*
   Williams, 1 Head, 442; Mason *v.* Westmoreland, 1 Head, 557;
   Nance *v.* Hicks, 1 Head., 625; Gillam *v.* Looney, 1 Heis., 319;
   Copeland *v.* Cox, 5 Heis., 174; King *v.* Williams, 7 Heis., 305.

2. SAME.  *Excuse for delay in making application for, insufficient,
   when.*

   An application for certiorari, to review a Justice's judgment,
   will be dismissed, on motion, where the petition shows that
   applicant had delayed over two and one-half years, and until
   bill had been filed to enforce the judgment, to file his peti-
   tion, in which no excuse is averred for the last year's delay.

---
FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby
County.  J. S. GALLOWAY, J.

GREER & DURHAM for Greer & McGowan.

WILKERSON & McGEHEE for Chickasaw Land Co.

WILKES, J. This is a petition for writs of certiorari and supersedeas. On the motion of the land company the Court below dismissed the petition because of the long delay in bringing it, and the petitioners have appealed, and insist that upon the facts disclosed in the petition the Circuit Judge erred in dismissing it.

It is admitted that the petition on its face states merit, and shows the judgment to be unjust, but it is not conceded that on the trial the judgment will be shown to be unjust. The facts necessary to be referred to, as stated in the petition, are that petitioners bought from Napoleon Hill the privilege of cutting some timber from his lands near Memphis. Through no fault of the plaintiffs, but rather through the fault of the defendant's agent in incorrectly pointing out the lines, the petitioner crossed over Mr. Hill's line and cut $35 worth of timber on the lands of the Chickasaw Land Company, which adjoins the lands of Mr. Hill. On this fact becoming known to petitioners, they sought Mr. Hill, who was the president of the land company, and paid him $35 for the timber which they had cut on the lands of the company, and Mr. Hill agreed to pay the amount over to the land

company in full of all claims by the company against petitioners.

For some reason he failed to do this, and the land company brought suit in 1897 for $499 for the timber cut.

Petitioners attended the Justice's Court at the time set for hearing, when the case was continued. In the meantime petitioner saw Mr. Hill, and he assured them that no judgment would be taken, and that the matter should be settled under the original agreement.

Petitioners, supposing the matter settled, paid no further attention to it, but the company nevertheless took judgment by default for $499 and costs. This was September 17, 1897.

Petitioners did not know of this judgment until March, 1899, and hence did not appeal, but on hearing of it made a proposition to the company to compromise and adjust the matter. The negotiations extended over several months, when, as the petition says, the petitioners not having heard from the company, supposed the matter was dropped, or that the company was waiting till later to make a settlement.

On April 12, 1900, the company, by bill in chancery, sought to enforce the judgment of the Justice of the Peace by subjecting certain equitable interests of John R. Greer in real estate in Shelby County.

Thereupon the petition was filed and as here-

Greer & McGowan *v.* Chickasaw Land Co.

tofore stated was, on motion, dismissed. The petitioner seeks to set aside the judgment of the Justice of the Peace and have a new trial. If we grant, which is doubtful, that the petitioner states a reasonable excuse for delay up to the time when efforts to compromise failed, which must have been prior to September term, 1899, then were three or four terms of Court allowed to intervene before the petition was filed, and it was not then filed until proceedings in chancery were begun to execute the judgment, on April 12, 1900, the petition being filed April 25, 1900.

We do not think that this is the exercise of proper diligence. If we grant that petitioners were in no fault up to the time the negotiations for compromise failed, still it was incumbent on petitioners having a judgment standing against them to have pressed the compromise to a conclusion and not to have presumed that the judgment was abandoned.

We are of opinion the judgment of the Circuit Judge is correct, and it is affirmed with costs.

OPINION ON PETITION TO REHEAR.

WILKES, J. A very earnest petition to rehear is filed, in which it is said that the merits of the case appear so strongly that this Court should overlook the delay and allow a hearing of this case upon its merits; and the petitioners were justified or excused for the delay by the fact that negotiations

23 P—4

were pending and it was incumbent on the land company to notify petitioners before abondoning the negotiations for settlement. It is. said that the manifest injustice of the judgment appears from the fact that it was taken for $499, when it had been previously conceded by the president of the company that the timber taken did not exceed $35 in value, and he had been paid that sum in full of the claims of the land company. This feature of the injustice of the judgment from the statement in the petition has already been adverted to, and need not be repeated except to say that the facts stated in the petition may not be found to be true on the hearing. As already said, the petition on its face presents a strong case of merits, but we think the reasons and excuses for the delay, at least after the failure of the negotiations for settlement, are not, under the uniform practice of this Court, sufficient.

The general rule is that a certiorari, when sought to be used as a substitute for an appeal, must be applied for before or at the first regular term of the Circuit Court after the rendition of the Justice's judgment, unless a sufficient cause for delay be stated in the petition. *Trigg* v. *Boyce,* 4 Hay., 100; *Perkins* v. *Hadley,* 4 Hay., 143; *Love* v. *Hall,* 3 Yer., 408; *Tipton* v. *Anderson,* 8 Yer., 222; *Newman* v. *Rogers,* 9 Hum., 121; *Johnson* v. *Deberry,* 10 Hum., 440; *McMurry* v. *Milan,* 2 Swan, 177; *Brinkley* v. *Burney,* 5

Greer & McGowan *v.* Chickasaw Land Co.

Cold., 103; *Mason* v. *Hammons,* 7 Cold., 133; *Lanier* v. *Williams,* 1 Head, 442; *Mason* v. *Westmoreland,* 1 Head, 557; *Nance* v. *Hicks,* 1 Head, 625; *Gillam* v. *Looney,* 1 Heis., 319; *Copeland* v. *Cox,* 5 Heis., 174; *King* v. *Williams,* 7 Heis., 305.

In *Perkins* v. *Hadley,* 4 Haywood, 143, it was held that an application for certiorari made more than one year after judgment, would be refused, although it was manifest, under subsequent rulings of the Court that the judgment was wrong, the course of decisions having changed in the meanwhile.

In *Tipton* v. *Anderson,* 8 Yer., 222, it was held that a petition would not be sustained which was sworn out after three terms of the revising Court, no matter how strong a case might be made by the petition.

In *Newman* v. *Rogers,* 9 Hum., 121, judgment was rendered 29th August, 1846; Newman attempted to appeal. This appeal was dismissed at the October term, 1846. Petition for certiorari was filed 4th June, 1847, or about eight months after the appeal was dismissed. It was said in an amended petition that the petitioner was absent from the county, and when he returned he entered into negotiations with the attorney of the opposing party for a compromise, but, owing to no fault of his, he did not get an answer to his proposition until after the September term of the

Court. The Court held it was not sufficient excuse for delay and that it was incumbent on petitioner to take immediate steps to remove the case into Court.

In *McMurry* v. *Milan,* 2 Swan, 177, judgment was obtained 18th of February, 1852. On the 17th of March one of the defendants' suspicions was aroused and he ascertained that the notes of his son-in-law, upon which the judgment was taken, were forgeries, and on the 9th of April he filed his petition for writs of certiorari and supersedeas. The Court said it was a strong case of merit, and relief would be granted if it could be done without a violation of settled rules of law, and in a case of such hardship the rules might be extended but for the mischievous consequences of such a precedent and the importance of adhereing to settled principles.

In *Smith* v. *Brown,* 1 Heis., 320, note, it was held that a petition would not be entertained more than five years after judgment, although defendant did not know of the judgment, he conceding, however, that he was served with process.

In *Gillam* v. *Looney,* 1 Heis., 319, judgment was rendered February 24, 1866. Execution issued in June, 1868, and the petitioner alleged that this was the first reliable knowledge he had of the judgment. The Court held this language equivocal and that the delay was too great, and dismissed the petition.

Greer & McGowan *v.* Chickasaw Land Co.

In *McDowell* v. *Kellar*, 1 Heis., 449, the certiorari was applied for two years after judgment and several months after the final decision in a case whose determination the parties were awaiting, and the Court held the petition should be dismissed.

In the present case judgment was rendered September 17, 1897, execution was issued in March, 1899. Four terms of the Court had intervened after the negotiations had apparently failed or ceased to be prosecuted, and after a bill had been filed to subject the equitable interest of one of the defendants in a tract of land.

We cannot sustain a petition after such delay and upon such excuse without overturning the uniform rule or holding of our Court, and the petition to rehear must be dismissed.